Tuttle v. Miller.

---

No. 22,596.

FRANK TUTTLE et al., Partners as TUTTLE BROTHERS, *Appellees,* v. L. M. MILLER and H. J. NIELSON, Partners as the WOODSON COUNTY GRAIN COMPANY, *Appellants.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

SALE OF HAY—*Hay Delivered as per Contract—Title Passed to Purchaser—Loss by Fire.* The hay stored under the terms of a contract, which is set out in a former opinion in this action, became the property of the purchasers when it was stored at Rose, Kan., in compliance with the contract.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion denying a rehearing filed October 9, 1920. (For original opinion of affirmance see *ante,* p. 287, 191 Pac. 475.)

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellants.

*J. L. Stryker,* of Fredonia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.:   The defendants have filed an application for a rehearing in which they say that "the court has not decided the question raised in the appeal," and that "the statement of the fact in the syllabus on which the decision rests is not a correct statement of the facts as shown by the findings of the trial court." It is true that the court did not interpret the contract as requested in the brief of the defendants. The reason for not construing the contract is that when this court read the record presented it found that which compelled an affirmance of the judgment even if the defendants were right in their contention. The trial court, in the statement made under section 582 of the code of civil procedure (Gen. Stat. 1915, § 7486), said that the 66.44 tons of hay in controversy, at the time the hay was burned, had been delivered by the plaintiffs to the defendants. The defendants contend that there was no evidence to prove that the hay had been delivered. The difficulty with this contention is that the statement of the trial court takes the place of the evidence, which is not before this court, and cannot now be produced in any other manner. That statement says that the hay was delivered. Unless the word "delivered" was inadvertently used, and the court did not mean to say that the hay had been delivered, this court is bound by the statement. There is nothing in the record to contradict what the court said, or to show that the word "delivered" was inadvertently used.

In addition to the statement made the trial court prepared an elaborate written opinion in which a number of authorities are cited concerning the delivery of property for which a contract of sale had been made. The court concluded that opinion with the following language:

"Within the authorities cited and quoted from considering the facts found, as hereinbefore set forth, and all the evidence introduced upon the trial of the pending cause, I am irresistibly led to the conclusion that the delivery of the hay to and storing the same in the hay barn at Rose, Kansas, to remain there in storage until loaded upon the cars for

Tuttle v. Miller.

shipment, the defendants 'to furnish all cars for shipment' as provided in contract in evidence, constituted in law a delivery to defendants of such hay so stored in hay barn at Rose, Kansas, the title to such hay being at the time of destruction by fire in the defendants, the fact that payment of such hay was to be made when hay was actually loaded on cars being a mere incident to sale of the hay regulating the time of payment, there being no dispute as to quantity, quality or location of the hay, nothing remains to be done by the sellers, plaintiffs herein, except to load on cars for shipment, such cars to be furnished by the defendants; and doubtless it may well be said that plaintiffs would, as they claim, always have been ready, able, willing and anxious to load same on cars and thus realize their profits, but cars not being furnished by defendants for the shipment of hay, probably not from any direct fault of the defendants, indeed may and likely did, result from a shortage of cars, nevertheless cars were not furnished and later the barn was struck by lightning and was destroyed by fire with its contents, including the hay in controversy herein; this was unfortunate and is much to be regretted, all will concede, but it must be remembered that the defendants had an insurable interest in said hay and they actually contracted to pay the insurance thereon, but no insurance was placed thereon by them. From all of which I find that judgment should be rendered herein in favor of the plaintiffs and against the defendants and each of them for the sum of $1210.60 and for costs of action; such sum being for the sum of $1129.82 value of hay destroyed and interest from January 15, 1915, date destroyed to this date, and exceptions will be noted for defendants.

"The court will here say that it is greatly to be regretted that counsel have been unable to procure a transcript of the stenographic notes of the deceased reporter to the end that the proceedings and the evidence introduced upon the trial of cause might be accurately and specifically set forth in the record, for review by the Supreme Court. However, death having intervened, the court has after careful examination and consideration of the proceedings had in the cause, and as far as possible endeavoring to recall the testimony introduced on the trial of the cause, prepared the foregoing statement of the proceedings had herein, including the substance at least of the evidence; and

"It is now considered, ordered, adjudged and decreed that the above and foregoing journal entry and statement be approved and filed herein as part of the record in this cause."

It must be noticed that this concluding statement of the trial court is based on the facts found as set forth in the statement of the evidence and on all the evidence introduced on the trial. This conclusion again makes it prominently appear that the court found that the hay had been delivered. But omit as far as possible all reference to the delivery of the

hay, and examine the contract alone. Under it the hay in controversy was moved to Rose, Kansas, and there placed in the barn where it was burned. That hay was to be loaded by the plaintiffs on cars as soon as they could be obtained by the defendants, and the remainder of the purchase price was to be paid when the hay was loaded. As said in the former opinion the defendants could have loaded the hay that had been stored, and could have deducted the expense thereof from the purchase price.. This they could have done under the contract. While the contract does not specifically state the terms of delivery that pass title, yet a fair interpretation of its provisions is that the hay became the property of the defendants upon its storage in the barn at Rose.

The former opinion and judgment are adhered to, and a rehearing is denied.